In re ALLEN KOCA, JR., a Minor (Mary Slovick, Petitioner-Appellant, v. Allen Koca, Sr., Respondent-Appellee).

First District (5th Division)    No. 1—91—3689

Opinion filed May 28, 1993.

Paul G. Brinkman, of Wheaton, for appellant.

Michael T. Tristano, of Oak Park, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

On October 16, 1991, following proceedings which began in January 1988, the trial court entered a final order granting permanent custody of the minor, Allen Koca, Jr., to his father, Allen Koca, Sr. The child's mother, Mary Slovick, who had also filed a petition for custody, appealed. For the reasons which follow, we affirm the judgment of the trial court.

Allen Koca, Jr., was born on September 11, 1987, to Mary Slovick and Allen Koca, Sr. Although Mary and Allen Sr. were not married at the time of their child's birth, they had been married briefly (September 1968 to July 1971) and had had an intermittent relationship over a 20-year period. Mary had retained custody of Allen Jr. from the time of his birth until October of 1991, when the final custody determination was entered. During this four-year period, Mary and Allen Sr. were engaged in continuous litigation (involving approximately 44 separate motions) regarding the custody, visitation, and support of their minor child. The judge's findings and final orders were entered after the extensive testimony of both parties, their respective witnesses, and a consulting psychologist, Dr. Martin Falk.

■ In her appeal, Mary initially contends that the trial court erroneously applied the "best interest" standard (Ill. Rev. Stat. 1991, ch. 40, par. 602) in reaching its custody determination. While Mary does not contest the fact that the "best interest" standard is applicable to initial custody determinations, she asserts that the judgment at issue involves a modification of custody rather than an initial determination, and as such, requires the application of a different set of statutory standards. Mary maintains that pursuant to the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1991, ch. 40, par. 2514), a judgment of parentage which provides a support obligation or visitation rights in one parent shall be considered an award of custody to the other parent. The relied-upon statutory authority also provides that if no such provisions (regarding support or visitation) are provided, then custody is with the mother. On this basis, Mary argues that the October 2, 1989, determination finding Allen Sr. to be the biological father of Allen Jr., and making no provisions for visitation or support, was in actuality a determination of custody in favor of the mother, Mary Slovick. Accordingly, this argument continues, the real issue in the case at bar is not an initial custody determination, but a modification of such a determination. The requirements for modification are set out in the Illinois Marriage and Dissolution of Marriage Act, which provides as follows:

"Modification. (a) Unless by stipulation of the parties, no motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.

(b) The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian *** and that the modification is necessary to serve the best interest of the child ***." Ill. Rev. Stat. 1991, ch. 40, par. 610.

Although this argument initially appears persuasive, it does not take into account the fact that the paternity determination of October 2, 1989, in addition to granting Allen Sr. an additional 21 days to file a petition for custody, expressly stated that the trial court retained jurisdiction of the matter for the purpose of making a final custody and visitation determination. Since the court clearly stated its position that custody of the minor child was yet to be determined, it is futile to argue that the October 2 order should be deemed a custody

determination in favor of the mother. Accordingly, we find that the October 16, 1991, order was the initial custody determination and therefore did not involve the standards and requirements for modification, as contended by the plaintiff. Being an initial determination of custody, the trial court correctly relied on the "best interest" standard as provided by law. Ill. Rev. Stat. 1991, ch. 40, par. 602.

■ Mary also argues that even if the trial judge did apply the correct statutory standard, his determination is against the manifest weight of the evidence. Statutory authority requires that the court consider all relevant factors including the following: the parents' wishes; the child's wishes; the interaction and interrelationships of the child and the parents; the child's adjustment to home, school, and community; the mental and physical health of all individuals involved; the physical violence or threat of physical violence by the child's potential custodian; and the willingness of each parent to cooperate and encourage a close relationship with the other parent. (Ill. Rev. Stat. 1991, ch. 40, par. 602.) Mary maintains that the trial judge simply did not consider all of the aforementioned factors and make the appropriate findings necessary to sustain its judgment. In this regard, respondent contends, and we agree, that not only did the court make extensive findings of fact, but also that there is no requirement that the court enumerate all of its specific findings. (See *In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 485 N.E.2d 367.) Moreover, the findings actually made by the trial judge on June 11, 1991 (in which he stated that he had considered all of the provisions of section 602), more than amply support the award of permanent custody to Allen Sr.

In addition to considering the interests of Mary and Allen Sr., who submitted competing custody petitions, the findings of the trial judge show that he considered Allen Jr.'s lack of interaction with his sister, Cindy. The court further noted that Mary had for years been alienated from her daughter and had in fact tried to alienate Allen Jr. from his sibling. The judge also specifically considered the mental health of all the parties. He relied on the testimony of Dr. Falk, who concluded (from the results of various psychological and psychiatric evaluations) that Allen Sr. was slightly narcissistic and had feelings of grandiosity. On the other hand, Dr. Falk concluded that Mary had a passive-aggressive personality disorder, that she was chronically depressed, and obsessive to the point of being almost delusional in her belief that Allen Sr. was sexually abusing his son. In fact, during the course of the four years in which this case was being heard, Mary constantly examined her child and brought numerous charges of

sexual abuse against Allen Sr. None of these were ever substantiated. Expert testimony focused on the adverse effect of these charges on Allen Jr. and his relationship with his father. In fact, Dr. Falk found the present situation to be disastrous to Allen Jr.

Additionally, in making his custody determination, the trial judge considered the threats of physical violence alleged by both parties. Our review of the record indicates that although Mary was able to obtain an *ex parte* order of protection against Allen Sr. in January 1988, such order was amended *nunc pro tunc* on May 18, 1988, to reflect the court's finding that the order of protection would be mutual.

Mary also argues that the trial court failed to consider Allen Sr.'s failure to see his child prior to the summer of 1988. The record shows that this contention is erroneous. Allen Jr. was born September 11, 1987. Mary and Allen Sr. separated in December 1987, following an act of physical violence by Mary. In January 1988, Mary obtained an *ex parte* order of protection, prohibiting Allen Sr. from seeing his son. In March 1988, the parties were referred by court order to the Cook County Department of Supportive Services for the purpose of mediating their differences regarding custody, visitation and paternity. In June 1988, the court ordered that the initial order of protection be amended *nunc pro tunc* to reflect the court's finding that such order is mutual. At this time the court also granted Allen Sr. time to submit his petition for visitation. In June 1988, Allen Sr. sought custody, and in July the court entered an order for supervised visitation. Five rules to show cause were filed by Allen Sr. in regard to Mary not allowing him access to the child. It is evident from the record before this court that Allen Sr. was indeed attempting to see his son.

Thus, based on the aforementioned evidence adduced at trial, we cannot say that the determination of the trial judge was against the manifest weight of the evidence or that the court abused its discretion in awarding permanent custody to Allen Sr. (See *In re Marriage of Siegel* (1984), 123 Ill. App. 3d 710, 463 N.E.2d 773.) Instead, we find that the lengthy proceedings of the trial court, involving numerous witnesses and extensive findings, in fact support a careful and well-reasoned decision intended to further the best interests of the child. This decision is therefore affirmed.

Affirmed.

MURRAY and COUSINS, JJ., concur.